UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRY WEBB                                    CIVIL ACTION NO. 19-cv-1252

VERSUS                                        JUDGE FOOTE

POLICE JUROR OF CLAIBORNE PARISH, ET   MAGISTRATE JUDGE HORNSBY
AL


**REPORT AND RECOMMENDATION**

**Introduction**

Terry Webb ("Plaintiff"), who is self-represented, filed an earlier civil action against

Doug Shurling and The Guardian-Journal, which is a newspaper published in Homer,

Louisiana.  Plaintiff alleged that Shurling, a candidate for police jury, caused a photo to be

published in the newspaper that was defamatory to Plaintiff.  Plaintiff requested $150,000

in damages.  The undersigned immediately issued a report and recommendation, now

pending before Chief Judge Hicks, that recommended the case be dismissed for lack of

subject matter jurisdiction.  Terry Webb v. Doug Shurling, et al, 19-cv-1102 (W.D. La.).

Less than a month later, Plaintiff filed a second civil action, which is also against

Mr.  Shurling and The Guardian-Journal newspaper.  Plaintiff alleged that Mr. Shurling

made additional defamatory statements about him and that The Guardian-Journal printed a

second story that contained such statements.   The undersigned issued a report and

recommendation, now pending before Judge Foote, that recommended the case be

dismissed for lack of subject matter jurisdiction.  Terry Webb v. Doug Shurling, et al, 19-

cv-1215 (W.D. La.)

Two days after the report and recommendation issued in the second suit, Plaintiff filed this third civil action against The Guardian Journal, its (unnamed) editor, and an unnamed "Claiborne Parish Police Juror."  Plaintiff alleges that, soon after he filed his suits, the newspaper printed a letter to the editor from a police juror, which Plaintiff believes was in retaliation for the filing of his two suits.  For the reasons that follow, it is recommended that this third complaint also be dismissed because the federal court lacks jurisdiction over the asserted claims.  It is also recommended that Plaintiff be prohibited from filing any further complaints with this court without prior written approval from a district judge.

**Jurisdictional Review**

Plaintiff is proceeding in forma pauperis ("IFP").  The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous.  The court also has a duty to examine the basis for subject matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.  Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

Plaintiff alleged in his first suit that "the defendant" (presumably Shurling) entered onto his property without consent and took pictures for the purpose of campaigning for a seat on the police jury.  The photo was allegedly printed in The Guardian-Journal along with an article that suggested the property had a "negative look" and that Shurling would clean it up if elected.

Plaintiff alleged in the second complaint that the newspaper "printed a second story making false statements and slandering and defaming the plaintiff." He alleged that the newspaper printed an article with a photo of a trailer on his property and made a "false statement of raw sewage in Lake Claiborne, referring to the property as leaking raw sewage in Lake Claiborne and made the false statement that the health department had visited the resident and was told to vacate the premises." Plaintiff alleged that he actually lives across the street in another residence, and the trailer at issue did not require a septic tank because the only water that was running there was used to test washing machines that Plaintiff repairs. Plaintiff alleged that Shurling is behind the false statements and used them and the photos to promote his campaign as a candidate for police juror.

Plaintiff alleges in this third complaint that, shortly after he filed the prior two suits, "the police juror of Claiborne Parish filed a letter to the editor of the same newspaper; about the suit I filed and the facts surround the case and made a comments about a septic tank law that is in effect and that the statement made by the candidate for police juror was false." Plaintiff alleges that he "feels that this is retaliation and intimidation by the police juror and members that have relationship with the police juror that made the statement because of the fact that I filed a suit." Plaintiff asks for monetary damages and that the court stop the defendants from publishing any articles in the newspaper that pertain to this matter.

**Diversity Jurisdiction**

Plaintiff's complaint was filed on a court-provided form. He checked a box to indicate that federal question was the basis for the court's jurisdiction. He left blank a box

for diversity of citizenship. The court could exercise diversity jurisdiction under 28 U.S.C. § 1332 only if the citizenship of Plaintiff was diverse from that of the defendants. Plaintiff alleges that he and the defendants reside in Homer, Louisiana. Accordingly, there is no basis for the court to hear the complaint under Section 1332.

**Federal Question**

Plaintiff invokes federal question jurisdiction, which is governed by 28 USC § 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint invokes the First Amendment. Violations of the constitution are actionable under 42 USC § 1983, which provides a cause of action for a constitutional violation committed by a person acting under color of state law (such as a policeman, town mayor, or a corrections officer). West v. Atkins, 108 S.Ct. 2250 (1988). "Private individuals generally are not considered to act under color of law" for purposes of Section 1983. Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005).

Plaintiff argued in his objections filed in the first case that Mr. Shurling could be considered a state actor because he is campaigning for a public office and "could be

considered under the color of law umbrella."  There is no allegation that Mr. Shurling actually holds any state or local office.  He is merely alleged to be a candidate for police juror.  For a private person's conduct to make him a state actor for purposes of Section 1983, that conduct must be fairly attributable to the state.  Lugar v. Edmondson Oil Co., 102 S.Ct. 2744 (1982); Richard v. Hoechst Celanese Chemical Group, Inc., 355 F.3d 345, 32 (5th Cir. 2003).  One example is if the private person is performing a public function that is exclusively reserved to the state.  Another example is when the state exerts coercive power over the private person or provides significant encouragement.  State action by the private person can also be found if the state has inserted itself into a position of interdependence with the private person such that it was a joint participant in the action.  Cornish v. Correctional Services Corp., 402 F.3d 545, 549-50 (5th Cir. 2005).  The court must look to the specific conduct of which the plaintiff complains.  Id.

None of the tests outlined in Cornish support a finding of state action.  And the mere fact that a person is a candidate for political office or working on a campaign does not render his actions state action unless the particular actions at issue are fairly attributable to the government.  Federer v. Gephardt, 363 F.3d 754 (8th Cir. 2004) (congressman and members of his campaign staff were not government actors in connection with claim that they broke into a political opponent's headquarters and arranged for his assault and harassment).

Plaintiff's third complaint does not specifically name Mr. Shurling as a defendant.  Rather, it names an unidentified "Claiborne Parish police juror."  The allegations in the complaint, somewhat confusingly, refer to both a police juror and a candidate for police

juror, with no indication of the identity of either person (or whether they are the same person).  In any event, there is no allegation that a sitting police juror or a candidate for police juror engaged in action fairly attributable to the government when they wrote a letter to the editor in connection with a campaign.  Accordingly, there is no colorable basis for a Section 1983 claim against any defendant that would give rise to federal question jurisdiction over the complaint.

As for The Guardian-Journal, Plaintiff alleges in his complaint that it is "a private newspaper."  Attempts to assert similar Section 1983 claims against private news organizations have been rejected.  See Lavergne v. Dateline NBC, 597 Fed. Appx. 760 (5th Cir. 2015) (NBC was not a state actor but rather a private broadcasting corporation so not subject to Section 1983 claim); Payne v. City of Mobile Police Dep't, 2015 WL 9703356, *3 (S.D. Ala. 2015) (holding "Fox 10 News is not a state actor," and collecting similar cases).  There is, therefore, no basis for a colorable or non-frivolous claim under 42 U.S.C. § 1983 or other federal law against any named defendant.  Absent such a claim, there is no basis for federal question jurisdiction.

### Conclusion; Sanctions

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction.  It is possible that he has asserted state law claims against his fellow Louisiana citizen under a tort such as defamation.  But "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank,

523 F.3d 546, 551 (5th Cir. 2008).  The court explained to Plaintiff in the earlier cases that he may be entitled to seek relief in a state court on his state law claims, but this federal court lacks jurisdiction over his complaint.

The court has twice explained to Plaintiff in detail why this court lacks jurisdiction to hear his defamation claims.   Plaintiff was warned in the second report and recommendation that he could be subjected to sanctions if he filed another frivolous suit or pleading in this court.  Plaintiff ignored the warning and immediately filed a third civil suit with the same sort of allegations that the court had twice explained to him do not belong in federal court.

The federal court has limited resources and may structure sanctions as are necessary or warranted to preserve those resources, control the court's docket, and maintain the orderly administration of justice.  Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).  Sanctions that may be imposed include a requirement that a party obtain judicial pre-approval for all future pro se filings, monetary sanctions, assessment of court costs, suspension of a party's right to proceed in forma pauperis until all previous litigation costs are paid, or other appropriate sanctions.  Id.; Lay v. Anderson, 837 F.2d 231 (5th Cir. 1988); Mayfield v. Collins, 918 F.2d 560, 562 (5th Cir. 1991).

Sanctions are appropriate in this case to avoid more resources being wasted because of Plaintiff's repetitive filings that lack a jurisdictional basis.  Plaintiff's failure to respect the earlier warning indicates that he will almost certainly continue to file meritless pleadings absent preventative measures.  Plaintiff's financial circumstances, as outlined in

his applications to proceed as a pauper, indicate that monetary sanctions would go unpaid and not be effective.  The circumstances before the court warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed in forma pauperis that accompanies such a complaint should also be directed to a district judge for action. Those measures will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if he ever has a good faith complaint.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).  It is further recommended that the Clerk of Court be ordered to decline to file any civil complaint submitted by Terry Webb unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed.  It is also recommended that any motion to proceed in forma pauperis that accompanies such a complaint be referred to a district judge for action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of October, 2019.

Mark L. Hornsby
U.S. Magistrate Judge